IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUL 2 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALS SCAN, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-01-1500 |
| | § | |
| DAVID WEINZAPFEL, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this copyright infringement case are Defendant David Weinzapfel's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Defendant's Motion") [Doc. # 8][1] and Plaintiff ALS Scan, Inc.'s ("ALS's") Cross-Motion for Summary Judgment ("Plaintiff's Motion") [Doc. # 17].[2] Based upon its review of the motions, responses, evidence submitted by the parties, all matter of record, and applicable legal authorities, the Court concludes that Defendant's Motion should be **denied** and Plaintiff's Motion should be **granted**.

---

[1]     The Court has informed the parties that it will deem Defendant's Motion a motion for summary judgment. *See* Order dated July 3, 2001 [Doc. # 19].

[2]     Plaintiff has responded to Defendant's Motion with "Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" ("Plaintiff's Opposition") [Doc. # 16]. Defendant has filed Defendant's Opposition to Cross-Motion for Summary Judgment ("Defendant's Opposition") [Doc. # 22]. Finally, Plaintiff has submitted "Plaintiff's Reply in Support of its Cross-Motion for Summary Judgment" [Doc. # 23].

P:\ORDERS\11-2001\1500sj   010724.1526

I.  **FACTUAL BACKGROUND**

ALS is engaged in the business of creating adult photographs and images and marketing and selling CD-ROMs, DVDs, and videotapes of the photographs as well as making them available for a fee on the internet. ALS holds copyrights on all of the photographs at issue in this case.

Weinzapfel is an individual living in Texas who owns the web page address www.girlsnudehot.com. Weinzapfel contends that the web page, which has been shut down, was for his personal use only but on at least one day the page displayed a nude photograph of a model named Nicole and advertised CDs containing other erotic pictures for sale. In February 2001, an employee of ALS, Sarah Kiwak, acting on an anonymous tip, sent Weinzapfel an e-mail to the address on his web page and requested a CD-ROM. Weinzapfel responded with instructions to send twenty dollars to his home address. Kiwak did so and several days later received in the mail one CD-ROM containing over 1000 ALS copyrighted images. Weinzapfel does not deny that he copied the ALS images onto the CD-ROM and mailed it to Kiwak in exchange for twenty dollars. Weinzapfel denies he has copied ALS images on any other occasion or that he has profited from the sale of ALS copyrighted images.

II.  **SUMMARY JUDGMENT STANDARD**

The United States Supreme Court has held that a motion for summary judgment is properly granted unless there is evidence "on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict . . . ."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Wheeler v. Miller*, 168 F.3d 241, 247 (5th Cir. 1999). Rule 56 is an integral part of the Federal Rules of Civil Procedure, recognizing a party's right to demonstrate that certain claims have no factual basis and to have those unsupported claims disposed of prior to trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Once the movant shows that there are no genuine issues of material fact, the burden is on the nonmovant to demonstrate with "significant probative evidence" that there is an issue of material fact warranting a trial. *Texas Manufactured Housing Ass'n v. Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996), *cert. denied*, 521 U.S. 1112 (1997). The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Doe v. Dallas Independent School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).

The Court "must review all of the evidence in the record, but make no credibility determinations or weigh any evidence." *Peel & Company, Inc. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, (2000)). "In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached." *Id.*

"Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial and

continuing the action would be useless." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991). Rumors, speculation, hearsay and other information which would be excluded at trial cannot be considered in ruling on a motion for summary judgment. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995).

### III. ALS'S COPYRIGHT INFRINGEMENT CLAIM

In order to establish copyright infringement, ALS must establish (1) ownership of a valid copyright, and (2) copying of constituent elements of the copyrighted work that are original. *Feist Pub. v. Rural Tel. Service*, 499 U.S. 340, 361 (1991); *Alcatel USA, Inc. v. DGI Tech., Inc.*, 166 F.3d 772, 787 n.57 (5th Cir. 1999); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).

***Ownership.*** – Ownership is demonstrated by establishing proof of originality, copyrightability, and compliance with applicable statutory formalities. *See Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). A valid copyright certificate of registration constitutes *prima facie* evidence of the validity of a copyright and creates a rebuttable presumption of validity. *Id.* (citing 17 U.S.C. § 410(c)). This presumption may be rebutted by the defendant's offer of some evidence or proof to dispute or deny the plaintiff's *prima facie* case of infringement. *Entertainment Research v. Genesis Creative Group*, 122 F.3d 1211, 1217 (9th Cir. 1997); *CMM Cable Rep, Inc. v. Ocean Coast Prop., Inc.*, 97 F.3d 1504, 1513 (1st Cir. 1996); *Masquerade Novelty v. Unique Indus.*, 912 F.2d 663, 668 (3d Cir. 1990). In cases in which the originality of a plaintiff's registered work is at issue, the defendant must offer proof "that the plaintiff's product was copied from other works or similarly probative evidence." *See CMM Cable Rep, Inc.*, 97 F.3d at 1513;

*Masquerade Novelty,* 912 F.2d at 668, 669. Once the defendant offers such proof, the burden shifts back to the plaintiff to demonstrate originality. *See CMM Cable Rep, Inc.,* 97 F.3d at 1513.

ALS has submitted certificates of registration for the photographs at issue in this case. Weinzapfel has not produced any evidence to rebut the presumption of validity of ALS's copyrights. Accordingly, there is no genuine issue of material fact as to the first element of ALS's copyright infringement claim.

**_Copying._**– Copying may be established either directly or indirectly. A plaintiff may indirectly establish copying by demonstrating (1) that defendant had access to the copyrighted material, and (2) there are probative similarities between the copyrighted material and the allegedly copied material. *See Feist,* 499 U.S. at 361. If the works are "so strikingly similar as to preclude the possibility of independent creation, 'copying' may be proved without a showing of access." *Ferguson v. Nat'l Broadcasting Co.,* 584 F.2d 111, 113 (5th Cir. 1979). Copying is shown through a detailed side by side comparison of the copyrighted and allegedly infringing works. *See King v. Ames*, 179 F.3d 370, 375 (5th Cir. 1995).

In this case, there is no question that Weinzapfel copied ALS's protected images. Although Weinzapfel asserted in his Motion that he did not display an ALS photograph on his web page (Weinzapfel Affidavit, ¶ 3(A)), he has offered no explanation for, or questioned the authenticity of, a print-out from his web page depicting a picture of a model named Nicole identical to one of ALS's copyrighted images. Plaintiff's Motion, Exhibits 5, 7.

Furthermore, the web page print-out clearly identifies the web address "www.girlsnudehot.com" and Weinzapfel's e-mail address.

Weinzapfel has admitted that he copied ALS's photos onto a CD-ROM that he mailed to Kiwak. Defendant's Motion, Affidavit of David Weinzapfel ("Weinzapfel Affidavit"), ¶¶ 3, 5; Defendant's Opposition, at fourth unnumbered page, item 1. ALS has submitted an example of one of its copyrighted photographs and a substantially identical photograph[3] from the CD-ROM received from Weinzapfel.[4] Plaintiff's Motion, Exhibit 14.

Weinzapfel asserts the novel proposition that because he responded to Kiwak's request, he had ALS's implied permission to make the copies.[5] Weinzapfel Affidavit, ¶ 5. Weinzapfel cites no legal authority in support of this defense and the Court knows of none. Moreover, Weinzapfel was unaware that Kiwak was an ALS employee, *id.* at ¶ 3(B), so there is no basis for his contention he had ALS's permission to make the copies.

---

3   The photograph from the CD-Rom did not contain the ALS copyright mark and the picture was cropped differently.

4   Plaintiff ALS's Motion addresses only Weinzapfel's use of Nicole's picture on his web page and the more than 1000 photographs contained on the CD-ROM sold to Kiwak. *See* Plaintiff's Memorandum of Law [Doc. # 18], at 3-4. Weinzapfel denies that he has ever copied or sold ALS copyrighted photographs on **any other** occasion. Defendant's Opposition, at fourth unnumbered page, item 1; Weinzapfel Affidavit, ¶ 5. ALS has produced no evidence of any other instance of copying. ALS has provided to the Court only one example of a copyrighted image from the CD-ROM. *See* Plaintiff's Motion, Exhibit 14. However, it is not necessary for the Court to review each of the more than 1000 images on the CD-ROM sold to Kiwak because Weinzapfel admits that he copied ALS's photos and used them in the manner alleged by ALS. Weinzapfel Affidavit, ¶¶ 3, 5; Defendant's Opposition, at fourth unnumbered page, item 1. It is the copying, not the publication or sale, of the images that constitutes the acts of infringement.

5   Weinzapfel also asserts that he was entrapped by ALS. Defendant's Opposition, at fourth unnumbered page, item 7. Weinzapfel has cited no case to establish the legal viability of this defense, nor is the Court aware of any. Entrapment is criminal law concept applicable to conduct by law enforcement officials; it is not a defense to a copyright infringement claim.

There is, accordingly, no genuine issue of material fact as to ALS's claim for copyright infringement based on the picture of Nicole shown on Weinzapfel's web page and the CD-ROM sold to Kiwak. ALS is entitled to summary judgment as to Weinzapfel's liability for copyright infringement based on the acts of copying ALS's protected images on his web page and the CD-ROM sold to Kiwak.

## IV. ALS'S DAMAGES

The issue of ALS's damages remains open. An infringer is liable for *either* (1) the copyright owner's actual damages and any additional profits of the infringer; or (2) statutory damages. ALS's Complaint seeks both types of damages. Complaint for Copyright Infringement [Doc. # 1]. ALS has not made an election as to what damages it seeks. *See* 17 U.S.C. § 504(c)(1).

ALS is directed to submit an affidavit establishing a factual basis for whatever damages it seeks. A copy of the affidavit shall be served upon Weinzapfel on or before **August 2, 2001**, by first class mail *and* by facsimile or hand delivery, and filed with the Court that day. ALS shall also deliver a courtesy copy to the Court. Weinzapfel shall serve file any response to the requested damages on or before **August 10, 2001**, with a courtesy copy to the Court. The parties shall appear at the pre-trial conference set for **August 2, 2001, at 12:30 p.m.**

## V. CONCLUSION AND ORDER

ALS has met its burden to prove that Weinzapfel copied ALS's copyrighted images. Therefore, it is hereby

**ORDERED** that Plaintiff's Cross-Motion for Summary Judgment [Doc. # 17] is **granted** as to Defendant's liability for copyright infringement. It is further

**ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. # 8] is **denied**. The issue of ALS's damages remains pending. Accordingly, it is further

**ORDERED** that ALS shall submit an affidavit establishing a factual basis for whatever damages it seeks. A copy of the affidavit shall be served upon Weinzapfel on or before **August 2, 2001**, by first class mail *and* by facsimile or hand delivery, and filed with the Court. ALS shall also deliver a courtesy copy to the Court. Weinzapfel shall serve and file any response to the requested damages on or before **August 10, 2001**, with a courtesy copy to the Court. The pre-trial conference set for **August 2, 2001**, at **12:30 p.m. remains set**. The parties shall appear and be prepared to discuss what hearing, if any, is necessary on the damages issues.

SIGNED at Houston, Texas, this 25th day of July 2001.

NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE